Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| Manuel García Vallés y Otros  **Apelados**  V.  Mayra García Vallés y Otros  **Apelantes** | TA2026AP00252 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón  Civil. Núm. D2AC2014-2321; unido al: D2JV2013-011 y D2JV2013-0131.  Sobre: Nulidad de Compraventa de Acciones y Otros |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 13 de abril de 2026.

El 9 de marzo de 2026, la Sra. María García Vallés, su esposo, el Sr. Antonio Ubarri Blanes (qepd) y la Sociedad Legal de Gananciales compuesta por ambos, la Sra. Mayra García Vallés, su esposo, el Sr. Richard McConnie (qepd) y la Sociedad Legal de Gananciales compuesta por ambos (matrimonios demandados), la Sra. Velmaire Berlingeri y Nosce Te Ipsum, Inc. (en conjunto, los apelantes) comparecieron ante nos mediante *Apelación* y solicitaron la revisión de una *Sentencia en Rebeldía* que se dictó el 8 de agosto de 2025 y se notificó el 25 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de Guaynabo (TPI). Mediante el aludido dictamen, el TPI anotó en rebeldía a los apelantes, les impuso el pago de $50,000.00 por concepto de honorarios de abogado, y, además, emitió diversas determinaciones de carácter sustantivo sobre las controversias del caso.

Por los fundamentos que expondremos a continuación, modificamos el dictamen con el fin de mantener la anotación de

rebeldía contra los apelantes. Sin embargo, revocamos el resto de la Sentencia apelada.

I.

El 18 de noviembre de 2014, el Sr. Manuel García Valles, su esposa, la Sra. Esther Lizama de García y la Sociedad Legal de Bienes Gananciales (en conjunto, los apelados) presentaron una *Demanda* designada con el núm. D2AC2014-2321 contra los apelantes, entre otros co-demandados.[1] Dicha *Demanda* fue consolidada con los casos núm. D2JV2013-011 y D2JV2013-0131. En esta, se presentaron varias causas de acción, entre ellas, nulidad de contrato de compraventa de acciones, donación inoficiosa, y colación. Según surge del expediente, los apelantes fueron debidamente emplazados.

Posteriormente, los matrimonios demandados comparecieron al pleito mediante la presentación de una moción de desestimación.[2] No obstante, mediante *Resolución* del 6 de agosto de 2015, el TPI denegó dicha solicitud y ordenó la continuación de los procedimientos.[3] A partir de ese momento, los apelantes venían obligados a presentar su contestación a la demanda dentro del término dispuesto en las Reglas de Procedimiento Civil. Sin embargo, no lo hicieron.

No obstante, del expediente surge que, el 24 de octubre de 2016, los abogados de los matrimonios demandados renunciaron a su representación legal, renuncia que fue autorizada por el TPI el 13 de diciembre de 2016, en la cual también se concedió un término de treinta (30) días para anunciar nueva representación. Ese mismo día, a saber, el 13 de diciembre de 2016, el TPI notificó una *Resolución* mediante la cual denegó otra moción de desestimación

---

[1] *Véase*, Entrada Núm. 1 del apéndice del recurso, SUMAC TA.
[2] *Véase*, Apéndice V del recurso, Entrada Núm. 3, SUMAC TA.
[3] *Véase*, Apéndice X del recurso, Entrada Núm. 7, SUMAC TA.

presentada por los matrimonios demandados, reanudándose así el término para contestar la demanda

Mientras transcurría dicho término, se presentó un recurso ante el Tribunal de Apelaciones para revisar la referida *Resolución*, lo que provocó la paralización de los procedimientos hasta tanto se recibiera el correspondiente mandato. Durante la vigencia de esa paralización, y sin autorización del tribunal, el 7 de abril de 2017, los matrimonios demandados presentaron una nueva moción de desestimación, fundamentada en la alegada falta de comparecencia de los apelados mediante nueva representación legal.

Sin embargo, dicha gestión resultó inconsecuente, ya que el caso permanecía paralizado y, previo al levantamiento de dicha paralización, los demandantes habían anunciado su nueva representación legal el 27 de junio de 2017. Posteriormente, el 10 de agosto de 2017, el Tribunal de Apelaciones notificó el mandato, quedando sin efecto la paralización de los procedimientos. En consecuencia, la referida moción de desestimación presentada durante la paralización advino académica y no justificaba la falta de contestación a la demanda por parte de los apelantes.

Tras varios trámites procesales que no son pertinentes discutir, el 15 de noviembre de 2022, en una vista celebrada ante el TPI, el Lcdo. Ferdinand Ocasio Vélez (licenciado Ocasio) informó que asumiría la representación legal de todos los apelantes. Más adelante, en una vista celebrada el 28 de febrero de 2023, el TPI concedió a los apelantes hasta el 10 de marzo de 2023 para expresarse en torno a la contratación del contador-partidor sugerido por los apelados, el CPA José A. Díaz Crespo (CPA Díaz), o, en su defecto, para proponer candidatos alternos.[4] Los apelantes incumplieron con dicha orden.

---

[4] *Véase*, Apéndice XXI del recurso, Entrada Núm. 18, SUMAC TA.

En consecuencia, el 3 de abril de 2023, el TPI impuso al licenciado Ocasio una sanción económica de $200.00 por el incumplimiento con la referida orden, concediéndole un término de quince (15) días para consignar el pago. No obstante, dicha sanción no fue satisfecha oportunamente, a pesar de que en una vista celebrada el 9 de mayo de 2023 el abogado indicó que procedería a pagarla ese mismo día.[5]

Asimismo, en vistas celebradas el 11 de mayo de 2023 y el 13 de junio de 2023, el TPI constató nuevamente el incumplimiento de los apelantes con las órdenes relacionadas a la contratación del contador-partidor. Ante la inacción reiterada, el 18 de julio de 2023, el TPI ordenó el nombramiento del CPA Díaz como contador-partidor, conforme a la Regla 41.5 de Procedimiento Civil.

Posteriormente, el 6 de diciembre de 2023, se coordinó una reunión entre las partes y el contador-partidor para el 17 de enero de 2024, a celebrarse en la oficina del licenciado Ocasio. Sin embargo, en esa fecha, el CPA Díaz presentó una moción informando que los apelantes no habían pagado sus honorarios ni suscrito el contrato correspondiente, por lo que se vio precisado a cancelar la reunión pautada.

Ante estos incumplimientos, el 23 de enero de 2024, los apelados presentaron una moción en la cual denunciaron la inacción de los apelantes y solicitaron, entre otros remedios, que se les anotara la rebeldía.[6] El 14 de febrero de 2024, el TPI celebró una vista en la cual ordenó al licenciado Ocasio apercibir a sus representados sobre las posibles consecuencias de desacato civil por el incumplimiento con las órdenes del tribunal, incluyendo la posibilidad de sanciones adicionales.[7] A dicha vista comparecieron

---

[5] *Véase*, Apéndice XXII del recurso, Entrada Núm. 19, SUMAC TA.
[6] *Véase*, Apéndice XXIV del recurso, Entrada Núm. 21, SUMAC TA.
[7] *Véase*, Apéndice XXVI del recurso, Entrada Núm. 23, SUMAC TA.

las codemandadas la Sra. Mayra García Vallés y La Sra. María de los Ángeles García Vallés.

Al día siguiente, el 15 de febrero de 2024, los apelantes comparecieron mediante escrito en el cual se opusieron a la anotación de rebeldía.[8] En síntesis, argumentaron que la falta de contratación del contador-partidor no constituía un obstáculo para que este realizara sus funciones ya que el TPI le impuso la obligación para fungir como comisionado del tribunal, y que no procedía la sanción solicitada.

No obstante, el expediente refleja que los apelantes nunca presentaron su contestación a la demanda, a pesar del tiempo transcurrido desde la radicación del pleito y de las múltiples órdenes emitidas por el tribunal. Asimismo, continuaron incumpliendo con las órdenes relacionadas al manejo del caso, incluyendo la contratación del contador-partidor y el pago de sanciones previamente impuestas.

Finalmente, el 8 de agosto de 2025, el TPI dictó una *Sentencia en Rebeldía* que se notificó el 25 de agosto de 2025, mediante la cual, entre otras determinaciones, anotó la rebeldía de los apelantes y adjudicó diversas controversias sustantivas sin la celebración de un juicio en su fondo. En particular, el foro primario resolvió planteamientos relacionados con la nulidad de contratos de compraventa de acciones, la calificación de ciertos negocios jurídicos como donaciones inoficiosas y colacionables, así como alegaciones de fraude y de culpa o negligencia en la administración de activos. De igual forma, efectuó determinaciones en torno a la validez de transferencias de bienes, la inclusión de activos en los caudales hereditarios, la procedencia de descorrer el velo

---

[8] *Véase*, Apéndice XXV del recurso, Entrada Núm. 22, SUMAC TA.

corporativo y la imposición de responsabilidad solidaria, además de adjudicar daños, frutos, rentas e intereses.

Asimismo, y como parte de dichas determinaciones sustantivas, el TPI ordenó la eliminación de las alegaciones contra los apelantes tanto en el presente caso (D2AC2014-2321) como en el caso relacionado D2JV2013-0131. Además, dispuso la remoción de la Sra. Mayra García Vallés y la Sra. María García Vallés de su cargo de albaceas en el caso D2JV2013-0011 y el nombramiento del Sr. Manuel García Vallés como albacea de la sucesión correspondiente. Finalmente, impuso a los apelantes el pago de honorarios de abogado y sanciones económicas.

En desacuerdo con este dictamen, el 9 de septiembre de 2025, los apelantes presentaron una solicitud de reconsideración que fue declarada No Ha Lugar mediante una Orden que el TPI dictó el 2 de febrero de 2025 y notificó el 6 de febrero de 2025. Aún inconforme, el 9 de marzo de 2026, los apelantes presentaron un recurso de epígrafe y formularon los siguientes señalamientos de error:

> **Erró el Tribunal de Primera Instancia al decretar la rebeldía por alegada inacción de los Apelantes.**
>
> **Erró el Tribunal de Primera Instancia al imponer honorarios de abogado como sanción a los demandados.**

Atendido el recurso, el 10 de marzo de 2026, emitimos una *Resolución* concediéndole a la parte apelada hasta el 30 de marzo de 2026 para presentar su oposición al recurso. Vencido el término para ello sin que los apelados presentaran su postura en cuanto al recurso, lo damos por perfeccionado y procedemos a atender el asunto ante nos. *Veamos.*

## II.

La Regla 45 de Procedimiento Civil, 32 LPRA AP. V, R.45, "permite que el tribunal *motu proprio*, o a solicitud de parte, le anote la rebeldía a la otra por no comparecer a contestar la demanda o a

defenderse como estipulan las reglas, o como sanción". *Mitsubishi Motor v. Lunor y Otros*, 212 DPR, 819-820 (2023); *Bco. Popular v. Andino Solís*, 192 DPR 172, 178-179 (2015). El propósito de este mecanismo es evitar que la dilación se utilice como estrategia de litigación. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). En específico, la Regla 45.1 de Procedimiento Civil, *supra*, establece que:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.

> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Conforme a nuestro ordenamiento procesal civil, existen tres (3) fundamentos para declarar a una parte en rebeldía. Primero, cuando el demandado, aun habiendo sido debidamente emplazado, no comparece al proceso. *Rivera Figueroa v. Joe's European Shop, supra,* pág. 587. Aunque tiene el derecho de no hacerlo, ello no puede detener el curso del litigio, por lo que la rebeldía permite que el caso continúe sin su participación, implicando la renuncia a ciertos derechos procesales. Íd. Segundo, cuando el demandado comparece, pero no contesta la demanda dentro del término legal ni demuestra una intención clara de defenderse. Íd., pág. 588. En tal caso, la parte demandante, o el tribunal por iniciativa propia, puede solicitar o declarar la rebeldía. Íd. Tercero, cuando una parte incumple con el descubrimiento de prueba o desobedece órdenes del tribunal. Íd. En estos casos, la rebeldía opera como una sanción por dicho incumplimiento. Íd.

Ahora bien, en lo relativo al trámite de las sentencias en rebeldía dictadas por el TPI, la Regla 45.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 45.2(b), en lo pertinente, dispone lo siguiente:

> Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, determinar el importe de los daños, comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o una comisionada. Cuando la parte contra la cual se solicita una sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.

A tenor con lo anterior, la anotación de rebeldía no releva al tribunal de su deber de examinar cuidadosamente las alegaciones y corroborarlas mediante prueba. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 577-578 (1997). En el ejercicio de sus funciones adjudicativas, el foro judicial viene obligado a comprobar la veracidad de las aseveraciones formuladas y, de ser necesario, a celebrar aquellas vistas que estime pertinentes para sustentar su determinación. Íd. Dicho de otro modo, aun en los casos en rebeldía, los tribunales no pueden limitarse a actuar de forma automática o mecánica. *Ocasio v. Kelly Servs.*, 163 DPR 653, 671-672 (2005).

En igual sentido, el Tribunal Supremo ha reiterado que, como norma general, una vez se anota la rebeldía procede la celebración de una vista en rebeldía. *Mitsubishi Motor V. Lunor y otros*, supra, pág. 831. No obstante, previo a ello, el tribunal debe evaluar si los hechos materiales alegados en la demanda están correctamente expuestos y si, como cuestión de derecho, justifican la concesión del remedio solicitado. Íd., pág. 832. Así, la vista en rebeldía tiene como propósito determinar la cuantía de los daños, si alguno, o corroborar la veracidad de las alegaciones relacionadas con el remedio solicitado, siempre que ello haya sido previamente advertido a la parte demandante. Íd.

Por otra parte, en todo proceso adversativo resulta imprescindible salvaguardar las garantías mínimas del debido proceso de ley. A tales efectos, se han reconocido los siguientes requisitos esenciales: (1) notificación adecuada a las partes; (2) oportunidad de ser oídas; (3) adjudicación por un juzgador imparcial; (4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (5) que la determinación judicial se base en la evidencia admitida; y (6) derecho a asistencia de abogado. *Hernández v. Secretario*, 164 DPR 390, 395-396 (2005).

Finalmente, el hecho de que una parte se encuentre en rebeldía no la priva de estas garantías fundamentales. En particular, cuando la parte demandada ha comparecido previamente, conserva el derecho a ser notificada del señalamiento de la vista, a comparecer a la misma, a contrainterrogar a los testigos de la parte demandante, a impugnar la cuantía de los daños y a recurrir de la sentencia que eventualmente se dicte. *Mitsubishi Motor v. Lunor y otros*, supra, pág. 848. En consecuencia, corresponde a los tribunales advertir a las partes sobre estos derechos y notificarles oportunamente cualquier señalamiento relacionado. Íd.

III.

En su primer señalamiento de error, los apelantes sostuvieron que el TPI incidió al decretar la rebeldía por alegada inacción. No les asiste la razón. La Regla 45 de Procedimiento Civil, *supra*, permite que el tribunal, *motu proprio* o a solicitud de parte, anote la rebeldía cuando una parte ha dejado de presentar alegaciones o de defenderse conforme a las reglas procesales. Este mecanismo tiene como propósito evitar que la dilación se utilice como estrategia de litigación. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 587. Nuestro ordenamiento reconoce, entre otros fundamentos, la procedencia de la rebeldía cuando: (1) una parte, debidamente emplazada, no comparece; (2) comparece, pero no contesta la

demanda dentro del término legal ni demuestra una intención clara de defenderse; o (3) incumple con órdenes del tribunal. Íd.

A la luz de estos principios, concluimos que el TPI no erró al anotar la rebeldía de los apelantes. En primer lugar, surge inequívocamente del expediente que los apelantes fueron debidamente emplazados y, no obstante ello, nunca presentaron contestación a la demanda, a pesar de haber transcurrido varios años desde su radicación. Incluso, luego de que el TPI declarara No Ha Lugar a una moción de desestimación y ordenara la continuación de los procedimientos, los apelantes omitieron presentar su alegación responsiva, sin ofrecer una justificación válida para ello.

La excusa esbozada por los apelantes —a los efectos de que se encontraban en espera de que el TPI atendiera el asunto del contador-partidor para entonces contestar la demanda— resulta jurídicamente inmeritoria. Nada en nuestro ordenamiento procesal condiciona la obligación de contestar una demanda a la resolución de asuntos incidentales dentro del pleito. Por el contrario, la presentación de alegaciones responsivas constituye un deber procesal independiente cuyo incumplimiento activa la aplicación de la Regla 45 de Procedimiento Civil, *supra*.

En segundo lugar, además de la falta de contestación a la demanda, el expediente revela un patrón reiterado de incumplimiento con órdenes del tribunal. Entre otras incidencias, los apelantes incumplieron con órdenes relacionadas con la contratación del contador-partidor, desatendieron múltiples apercibimientos del tribunal, y no satisficieron oportunamente sanciones económicas impuestas. Esta conducta dilatoria y contumaz constituye, por sí sola, un fundamento adicional para la anotación de la rebeldía como sanción procesal. Así pues, lejos de tratarse de un ejercicio arbitrario de discreción, la determinación del TPI de anotar la rebeldía se encuentra plenamente justificada a la

luz del derecho aplicable y de los hechos procesales del caso. En consecuencia, se confirma la anotación de rebeldía.

Ahora bien, distinto es el análisis en cuanto al alcance de los remedios concedidos por el TPI. Si bien la anotación de rebeldía tiene el efecto de que se den por admitidas las alegaciones bien formuladas de la demanda, ello no releva al tribunal de su deber de asegurarse de que procede la concesión de los remedios solicitados, particularmente cuando estos requieren adjudicaciones complejas de hecho y derecho. En ese contexto, la Regla 45.2(b) de Procedimiento Civil, *supra*, dispone que, cuando sea necesario para dictar sentencia, el tribunal deberá celebrar las vistas que estime pertinentes para determinar, entre otros aspectos, el importe de los daños, comprobar la veracidad de las alegaciones o investigar cualquier otro asunto necesario para adjudicar adecuadamente la controversia.

De igual forma, la jurisprudencia ha establecido que la anotación de rebeldía no releva al tribunal de examinar cuidadosamente las alegaciones ni de corroborarlas mediante prueba, por lo que no puede actuar de forma automática o mecánica al dictar sentencia. *Audiovisual Lang v. Sist. Est. Natal Hnos.*, supra, págs.577-578; *Ocasio v. Kelly Servs.*, supra, págs. 671-672. A tono con ello, como norma general, una vez anotada la rebeldía, procede la celebración de una vista en rebeldía, precisamente para sustentar los remedios solicitados y, de ser necesario, determinar la cuantía de los daños o validar las alegaciones pertinentes.

En el presente caso, el TPI no se limitó a anotar la rebeldía, sino que emitió una sentencia parcial mediante la cual realizó determinaciones sustantivas de amplio alcance. En específico, a base de sus determinaciones de hechos, el TPI adjudicó —sin la celebración de un juicio— controversias que incluyen, entre otras: la alegada nulidad de contratos de compraventa de acciones; la

caracterización de ciertos negocios jurídicos como donaciones inoficiosas y colacionables; la existencia de actuaciones fraudulentas y de culpa y negligencia en la administración de activos corporativos; la valoración de acciones corporativas y de bienes inmuebles en millones de dólares; la conclusión de que ciertas transacciones constituyeron simulaciones o actuaciones en beneficio personal; la procedencia de descorrer el velo corporativo; la determinación de daños y perjuicios en cuantías sustanciales; así como la adjudicación de frutos, rentas e intereses alegadamente generados por propiedades pertenecientes a los caudales hereditarios.

Asimismo, y como parte de dichas determinaciones sustantivas, el TPI ordenó la eliminación de las alegaciones contra los apelantes tanto en el presente caso (D2AC2014-2321) como en el caso relacionado D2JV2013-0131. Además, dispuso la remoción de la Sra. Mayra García Vallés y la Sra. María García Vallés de su cargo de albaceas en el caso D2JV2013-0011 y el nombramiento del Sr. Manuel García Vallés como albacea de la sucesión correspondiente. Finalmente, impuso a los apelantes el pago de honorarios de abogado y sanciones económicas.

Estas determinaciones trascienden el efecto automático de la rebeldía y suponen adjudicaciones complejas que, por su naturaleza, requieren la presentación y evaluación de prueba en un juicio en su fondo. La mera anotación de rebeldía no autoriza, sin más, la concesión de remedios de tal magnitud sin un adecuado proceso adjudicativo. Más aún, en todo proceso adversativo deben salvaguardarse las garantías mínimas del debido proceso de ley, las cuales incluyen la oportunidad de ser oído, examinar la prueba y contrainterrogar testigos. El hecho de que una parte esté en rebeldía no la priva de estas garantías, particularmente cuando ha comparecido al pleito, por lo que conserva su derecho a ser

notificada de cualquier vista y a participar en la misma. *Mitsubishi Motor v. Lunor y otros*, supra, pág. 848.

En ese sentido, la ausencia de una vista en rebeldía en la cual se permitiera la presentación de prueba y la participación de las partes incide directamente sobre la validez de las determinaciones adjudicadas. En tales circunstancias, la adjudicación de estas controversias sin la celebración de un juicio en su fondo resulta improcedente. Por ello, concluimos que el TPI incidió al adjudicar el fondo del caso mediante sentencia parcial en rebeldía, sin antes celebrar un juicio que permitiera dilucidar adecuadamente las controversias sustantivas entre las partes.

En consecuencia, se revocan las restantes determinaciones de la sentencia apelada, incluyendo, pero sin limitarse a, las relacionadas con la administración de los caudales, la designación o remoción de albaceas, las instrucciones al contador-partidor y la imposición de honorarios de abogado, y se devuelve el caso al TPI para la celebración de un juicio en su fondo, conforme a lo aquí resuelto.

IV.

Por los fundamentos antes expuestos, modificamos el dictamen con el fin de mantener la anotación de rebeldía contra los apelantes. Sin embargo, revocamos el resto de la Sentencia apelada. Además, se devuelve el caso al TPI para la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones